UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael Orlando CHAMPAGNIE,
Defendant–Appellant.

No. 15–10400
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

July 9, 2015.

Andrea G. Hoffman, Wifredo A. Ferrer, Kathleen Mary Salyer, U.S. Attorney's Office, Miami, FL, Ann Marie Christine Villafana U.S. Attorney's Office, West Palm Beach, FL, for Plaintiff–Appellee.

Peter Vincent Birch, Federal Public Defender's Office, West Palm Beach, FL, Michael Caruso, Federal Public Defender,

**626**

Federal Public Defender's Office, Miami, FL, for Defendant–Appellant.

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Michael Orlando Champagnie appeals his 24–month sentence, imposed below the applicable guideline range, after pleading guilty to one count of illegal entry of a deported alien, in violation of 8 U.S.C. § 1326(a). On appeal, Champagnie argues that the district court lacked the authority to apply a 12–level increase to his base offense level, pursuant to U.S.S.G. § 2L1.2(b)(1)(B), based upon a prior conviction that was neither charged in the indictment nor proven to a jury beyond a reasonable doubt.

"We review constitutional sentencing issues de novo." *United States v. Steed,* 548 F.3d 961, 978 (11th Cir.2008) (per curiam). We also "review questions of law with respect to the district court's application of the Sentencing Guidelines de novo." *United States v. Garza–Mendez,* 735 F.3d 1284, 1287 (11th Cir.2013) (internal quotation marks omitted).

The Supreme Court held, in *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), that the government need not prove beyond a reasonable doubt that a defendant had prior convictions nor allege those prior convictions in its indictment in order to use those convictions to enhance a defendant's statutory maximum sentence. *Id.* at 226–27, 118 S.Ct. at 1222. We have recognized that we are "bound to follow *Almendarez–Torres* unless and until the Supreme Court itself overrules that decision." *United States v. Thomas,* 242 F.3d 1028, 1035 (11th Cir.2001).

We have affirmed a guideline range enhancement under § 2L1.2(b)(1)(A), which differs from § 2L1.2(b)(1)(B), only in the number of levels of the enhancement, against a similar challenge to the use of a prior conviction not charged in the indictment and proved to a jury, noting that *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), left *Almendarez–Torres* undisturbed. *United States v. Orduno–Mireles,* 405 F.3d 960, 962 (11th Cir.2005).

As Champagnie concedes, binding precedent forecloses his argument that the district court erred by enhancing his advisory guideline range based on a prior conviction not charged in the indictment or proven to a jury beyond a reasonable doubt.

Accordingly, upon review of the record and careful consideration of the parties' briefs, we affirm.

**AFFIRMED.**